CORNELIUS A. BLAUVELT v. HENRY R. FECHTMAN.

1. Chattels in the possession of a mortgagor may be attached for his debts.

2. Chattels in the possession of a mortgagor, who, according to the terms of the mortgage, is entitled to possession until default be made in payment of the mortgage debt, do not, before default, *belong* to the mortgagee, within the meaning of section 60 of the act for trial of small-causes.    *Rev., p.* 550.

On *certiorari.*

Argued at February Term, 1886, before Justices DEPUE, DIXON and REED.

For plaintiff in *certiorari, E. T. Cowles.*

The opinion of the court was delivered by

DIXON, J.    This *certiorari* brings up the proceedings had before a justice of the peace on trial of a claim to a wagon which had been attached as belonging to Peter C. Schmidt.

The claimant, Henry R. Fechtman, rested his claim upon a mortgage of the wagon given to him by Schmidt, dated May 11th, 1885, securing payment of a note for $100 of the same date, due in sixty days thereafter.    The mortgage contained a provision that in case default should be made in payment of the note, the mortgagee might take possession of the wagon, but until such default the mortgagor was to remain in quiet and peaceable possession, and full and free enjoyment of the same.

The claim was presented June 12th, 1885, and the trial

took place June .16th, 1885. The note did not mature until July 13th, 1885.

When the attachment was levied, the wagon was in the possession of the defendant in attachment, who was the general owner. The claimant did not become entitled to possession until the maturity of his debt. While the mortgagor retained possession of the wagon it was subject to seizure by virtue of an execution or attachment against him, (*Fox* v. *Cronan*, 18 *Vroom* 493,) and the possession under such legal process could not lawfully be disturbed by any one whose right of possession had not become perfect against the defendant.

The trial upon the claim was to determine, whether the property *belonged* to the claimant, (*Rev.*, *p.* 550, § 60,) and inasmuch as, by his own showing, it appeared that he was neither the owner of the wagon nor entitled to possession of it, it could not, in any just sense, be said that the wagon *belonged* to him, and consequently the justice should, as requested, have instructed the jury to that effect. He refused, however, to do so, and the jury found for the claimant.

The finding and judgment thereon should be reversed.